IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **AMERICAS LEADING FINANCE, LLC**<br><br>**Plaintiff**<br><br>v.<br><br>**CENTERBRIDGE PARTNERS, LP; CP CARCO GP, LTD.; CP CARCO INTERMEDIATE, LTD.; CP CARCO, LP AND WHEELS HOLDINGS LLC**<br><br>**Defendants** | CIVIL NO.: _____ |

## MOTION TO RESTRICT

**TO THE HONORABLE COURT:**

    **COMES NOW**, Plaintiff, Americas Leading Finance, LLC ("ALF" or "Plaintiff"), through the undersigned attorney, and very respectfully states, alleges and prays as follows:

    1.    On this same date, the appearing party will be filing a *Complaint* which includes confidential information resulting from certain interrelated agreements.

    2.    It is a trade secrets case arising from three interrelated agreements between ALF and defendant CP Carco, LP (the "Partnership"): the Flow Auto Receivables Purchase Agreement ("Purchase Agreement"), the Master Loan Servicing Agreement ("Servicing Agreement"), and the Management and Platform Launch Services Agreement ("Management Agreement," and together, the "Agreements"), executed and made effective in 2015.

    3.    ALF is a subprime auto loan servicing and management company in Puerto Rico. Over a period of years, it has compiled an extensive database of non-public market information and successfully developed analytical models to use that information for risk-based pricing in the

Puerto Rican subprime auto loan market. To build its business, ALF contracted with the Partnership, an affiliate of Centerbridge. ALF agreed to use its proprietary models to source, diligence, and acquire loans for the Partnership in exchange for the right to service the loans. But, ALF alleges, after ALF shared its proprietary information with the Partnership and its general partner, the New York hedge fund used ALF's trade secrets to acquire a major loan portfolio for themselves and cut ALF out of the deal. ALF therefore intends to file a Complaint seeking relief for, among other things, Defendants' misappropriation of ALF's trade secrets—the core of ALF's commercial advantage.

4. The contractual relationship between the parties is at the heart of ALF's complaint, which quotes extensively from the Agreements and attaches the Agreements as exhibits. Through a series of interlocking definitions and provisions, the three agreements prohibit the parties from publicly disclosing the terms and conditions of the three Agreements. In related litigation in the State Court of New York, excerpts of the servicing and flow agreements have been filed, but the agreements in their entirety have not.

5. Granting the instant application will permit ALF to initiate this action without violating the terms of the Agreements. It would also avoid the significant harm that would result from public disclosure of other confidential facts, such as confidential communications between the parties quoted in the complaint and confidential negotiations described in the complaint. The presumption in favor of public access to judicial documents is subject to multiple, well-recognized exceptions designed to protect the type of information at issue in this matter. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006); *In re Gitto Global Corp.*, 2005 WL 1027348, at *10 (D. Mass. May 2, 2005) (records that "would reveal legitimate trade secrets, [are] a recognized exception to the right of public access to judicial records"). Courts weigh the

presumption of access against factors that outweigh disclosure, and the presumption may be overcome "to preserve higher values." *Id.* at 124; *see United States v. Amodeo*, 44 F.3d 141, 146 (2d Cir. 1995); *Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987). Given ALF's contractual commitment not to disclose the terms of the Agreements, ALF seeks merely that the complaint be permitted to be filed under seal temporarily until, a reasonable time after it is served, the parties have met and conferred regarding their confidentiality obligations under the Agreements. The parties could then propose agreed-upon redactions or engage in motion practice as necessary.

6. Common law presumes a right of public access to judicial records. <u>Nixon v. Warner Communications, Inc.</u>, 435 U.S. 589 (1978); <u>Anderson v. Cryovac, Inc.</u>, 805 F.2d 1, 13 (1st Cir.1986). However, this presumption is more easily overcome than the constitutional right of access; when the first amendment is not implicated, "the decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." <u>Nixon v. Warner Communications, Inc.</u>, 435 U.S. at 599, 98 S.Ct. at 1312; <u>In re Reporters Committee for Freedom of the Press</u>, 773 F.2d at 1340.

7. Accordingly, and in compliance with Standing Order No. 9, the appearing party respectfully requests to be allowed to file the aforementioned *Complaint* under seal and limit its viewing to case participants only.

**WHEREFORE**, the appearing party very respectfully requests from this Honorable Court to Grant leave to file the *Complaint* under seal.

**I HEREBY CERTIFY** that on this same date, I electronically filed the foregoing with the *Clerk of the Court* using the *CM/ECF System*, which will send electronic notification of such filing to all attorneys of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this   14th   day of February, 2020.

| | |
|---|---|
| **VICENTE & CUEBAS**<br>P.O. Box 11609<br>San Juan, PR  00910-1609<br>Phone     (787) 751-8000<br>Facsimile (787) 756-5250 | **FEDERICO HERNÁNDEZ-DENTON**<br>P.O. Box 9021279<br>San Juan, PR  00902-1279<br>Phone     (787) 763-0512 |
| *s/ Harold D. Vicente*<br>**Harold D. Vicente**<br>USDC-PR 117711<br>E-Mail:  *hvicente@vclawpr.com* | *s/ Federico Hernández-Denton*<br>**Federico Hernández-Denton**<br>USDC-PR 306003<br>E-Mail: *f.hernandezdenton@gmail.com*<br>            *fhd@vclawpr.com* |

*s/ Harold D. Vicente-Colón*
**Harold D. Vicente-Colón**
USDC-PR  211805
E-Mail:  *hvicente@vclawpr.com*


**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue
New York, NY  10017
Phone (646) 837-5151
E-Mail: *mshuster@hsgllp.com*

Michael S. Shuster
Daniel M. Sullivan
Matthew Gurgel
Alison B. Miller
Andrew C. Indorf
Denisha S. Bacchus
(*Pro Hac Vice Admissions Pending*)